UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YANIDEL VALDEZ and SANDRA MERCADO    Case No.:
On Behalf of Themselves and All Others
Similarly Situated,

                Plaintiffs,

                                       **COLLECTIVE AND CLASS**
                                       **ACTION**
         -vs.-                                **COMPLAINT**
                                       **WITH JURY DEMAND**

KINGS HWY EQUITIES LLC d/b/a HOLIDAY INN
EXPRESS BROOKLYN - KINGS HWY and TEJPAL
SANDHU,

                Defendants.
-------------------------------------------------------------------X

      Plaintiffs YANIDEL VALDEZ ("Ms. Valdez") and SANDRA MERCADO ("Ms. Mercado") on behalf of themselves and all others similarly situated (collectively "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against KINGS HWY EQUITIES LLC d/b/a HOLIDAY INN EXPRESS BROOKLYN - KINGS HWY ("Holiday Inn Express Brooklyn - Kings HWY") and TEJPAL SANDHU ("Sandhu") (together "Defendants") allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (ii) the NYLL's minimum wage provisions, NYLL § 652(1); (iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et

1

seq.; (iv) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the requirement that employers furnish employees with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1); (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs worked for Defendants, a hotel, as housekeepers. Throughout Plaintiffs tenure, Defendants' failed to pay the Plaintiffs their final week's pay.

3. Throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL.

4. Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires.

5. Defendants failed to furnish Plaintiffs with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information

6. Defendants paid and treated all their housekeepers in a similar manner.

7. Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

8. Plaintiffs bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

9. Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

10. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

12. At all relevant times herein relevant, Plaintiff Valdez is a resident of the State of New York and resides in Kings County.

13. At all relevant times herein relevant, Plaintiff Mercado is a resident of the State of New York and resides in Kings County.

14. At all times herein relevant, Plaintiff Valdez was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

15. At all times herein relevant, Plaintiff Mercado was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

16. At all times herein relevant, Plaintiff Valdez was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

17. At all times herein relevant, Plaintiff Mercado was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

18. Upon information and belief, at all relevant times herein, Holiday Inn Express Brooklyn - Kings HWY was and is a domestic limited liability company created under the laws of the state of New York.

19. Upon information and belief, at all relevant times herein, Holiday Inn Express Brooklyn - Kings HWY has its principal place of business located at 5244 Kings Hwy, Brooklyn, New York 11234.

20. At all relevant times herein, Defendant Holiday Inn Express Brooklyn - Kings HWY was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

21. Upon information and belief, for the calendar year 2019 the Holiday Inn Express Brooklyn - Kings HWY's gross receipts were not less than $500,000.00.

22. Upon information and belief, for the calendar year 2020 the Holiday Inn Express Brooklyn - Kings HWY's gross receipts were not less than $500,000.00.

23. Upon information and belief, for the calendar year 2021 the Holiday Inn Express Brooklyn - Kings HWY's gross receipts were not less than $500,000.00.

24. Upon information and belief, for the calendar year 2022 the Holiday Inn Express Brooklyn - Kings HWY's gross receipts will not be less than $500,000.00.

25. Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendant to the FLSA's minimum wage requirements as an enterprise.

26. Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently

subjects Defendants to the minimum wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

27. At all relevant times herein, Defendant Sandhu was a resident of the State of New York and has an actual place of business located at 5244 Kings Hwy, Brooklyn, New York 11234.

28. At all relevant times herein, Defendant Sandhu was the president, and/or owner, and/or day-to-day overseer of Holiday Inn Express Brooklyn - Kings HWY.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wages and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt housekeepers, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for minimum wages that are legally due to them ("FLSA Plaintiffs").

30. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; and (4) were not paid the applicable minimum wage.

31. At all relevant times, Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at the applicable minimum wage for all hours worked each workweek up to forty, yet Defendant purposefully chose not to do so. Thus, Plaintiffs and all FLSA Plaintiffs

5

are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wages, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

32. In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

33. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and,

    e. A class action is superior to other methods of adjudication.

34. The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as housekeepers, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

## Numerosity

35. During the previous six years, Defendants have employed, in total, at least fifty employees that are putative members of this class.

### Common Questions of Law and/or Fact

36. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether Defendants paid the Rule 23 Plaintiffs at the applicable minimum wage; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants furnished and furnish Rule 23 Plaintiffs with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1); whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

### Typicality of Claims and/or Defenses

37. As described in the background facts section below, Defendants, despite the title that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent,

as the Rule 23 Plaintiffs work, and/or have worked for, as non-managerial employees, and Defendants failed to pay Plaintiffs the statutory minimum wage. Plaintiffs and the Rule 23 Plaintiffs are also "manual workers" who Defendants failed to pay on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid on a weekly basis, to be paid the applicable minimum wage, and to be furnished with accurate wage statements and wage notices. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

38. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay the applicable minimum wage, did not pay Plaintiffs for all the hours they worked and paid Plaintiffs every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

**Superiority**

39. Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

40. Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

41. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

42. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

43. Defendants own and operate a hotel.

44. From six years prior to the commencement of this action Defendants employed housekeepers throughout New York State.

45. Upon information and belief, housekeepers are not required to have any formal education.

46. Ms. Valdez worked for Defendants from on or about April 3, 2022, until August 5, 2022.

47. Ms. Mercado worked for Defendants from on or about July 23, 2022, until July 30, 2022.

48. Throughout her employment, Ms. Valdez worked for the Defendants as a housekeeper. In that role, Ms. Valdez, like all housekeepers, was responsible for cleaning,

disinfecting, and taking out the trash for rooms using Clorox, Lysol, Windex and trash bags along with other cleaning agents.

49. Throughout her employment, Ms. Mercado worked for the Defendants as a housekeeper. In that role, Ms. Valdez, like all housekeepers, was responsible for cleaning, disinfecting, and taking out the trash for rooms using Clorox, Lysol, Windex and trash bags along with other cleaning agents.

50. As employees of the Defendants, housekeepers, including Ms. Valdez and Ms. Mercado, were primarily responsible for performing manual tasks and physical labor.

51. Throughout the statutory time period, Plaintiffs and other housekeepers regularly performed manual tasks during the majority of their hours worked.

52. Throughout the statutory period to the present, Defendants paid Plaintiff and other housekeepers by check every two weeks.

53. As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiffs and Class Members on a biweekly basis.

54. Due to the Defendants withholding the wages due and owing to the Plaintiffs and Class Members, Defendant deprived the Plaintiff and Class Members of use of those funds. Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments. Furthermore, as a result of the Defendants depriving Plaintiffs and Class Members of these wages, Plaintiffs and Class Members were deprived of interest income which would have accrued in their various bank accounts.

55. Thus, throughout the statutory period Defendants failed to timely pay Plaintiffs and other housekeepers their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

56. Defendants both treated and paid Ms. Valdez, Ms. Mercado and the Class Members in a similar manner.

57. Throughout her employment, Defendants required Ms. Valdez to work five days per week, Friday day through Tuesday, inclusive. Throughout this time period, Ms. Valdez was required to work – and did in fact work – 9:00AM until 5:00PM.

58. Throughout her employment, Ms. Mercado worked six days. Throughout this time period, Ms. Mercado was required to work – and did in fact work – 5:00PM until 10:00PM the first 5 days and 5:00PM until 12:00PM the 6th day.

59. From the beginning of her employment until one week prior to the employment relationship between them ending, Defendants paid Ms. Valdez $15.00 per work hour.

60. Defendants did not compensate Ms. Mercado during her employment with the Defendants.

61. Defendants failed to compensate the Plaintiffs for their final workweek.

62. Throughout the statutory period, Defendant paid Ms. Valdez every two weeks without providing her with accurate wage statements that reflected the amount of hours that he worked.

63. Throughout the statutory period, Defendant paid Ms. Mercado every two weeks without providing her with accurate wage statements that reflected the amount of hours that he worked.

64. Throughout the statutory period, Defendants failed to furnish Plaintiffs with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information.

65. Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

66. Every hour that Plaintiffs worked was for Defendant's benefit.

67. Defendants treated Rule 23 Plaintiffs in the manner described above.

### *FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Minimum Wage under the FLSA*

68. Plaintiffs and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

69. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiffs and the FLSA Plaintiffs.

70. Defendants have failed to pay the proper statutory minimum wage to which the Plaintiffs and the FLSA Plaintiffs have been entitled under the FLSA.

71. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Plaintiffs.

72. Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

73. As a result of Defendants' violations of the FLSA, the Plaintiffs and the FLSA Plaintiffs have been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage under the NYLL*

74. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

75. At all times herein pertinent, Plaintiffs and Rule 23 Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

76. Defendants are joint employers of the Plaintiffs and Rule 23 Plaintiffs within the meaning of the New York Labor Law.

77. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

78. Defendants have failed to pay the Plaintiffs and Rule 23 Plaintiffs the proper minimum wages to which they were entitled under the New York Labor Law.

79. Due to Defendants' violations of the New York Labor, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Nonpayment of Straight Time Wages*

80. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

81. Named Plaintiffs and the Rule 23 Class routinely worked over 40 hours in a given work week.

82. Defendant has willfully failed to pay all straight tie wages due and owing to the Plaintiff and the Rule 23 Class.

83. Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Timely Pay Wages*

84. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

85. From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

86. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

87. From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

88. Defendants' violations of the NYLL have been willful and intentional.

89. Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Statements in Violation of the NYLL*

90. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

91. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

92. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

93. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the statutory cap of $2,500.

94. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### *SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Notices in Violation of the NYLL*

95. Plaintiffs and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

96. Defendants have willfully failed to furnish the Plaintiffs and the Rule 23 Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice

containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

97. Through their knowing or intentional failure to provide the Plaintiffs and Rule 23 Plaintiffs with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

## DEMAND FOR A JURY TRIAL

98. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against any individual for participating in any form in this lawsuit;

  d. Designation of this action as a FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

  f. All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for the Defendants' unlawful payment practices;

  g. Declaring Defendants' violations of the FLSA and NYLL were willful;

  h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  j. Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

  k. Awarding punitive damages;

  l. Pre-judgment and post-judgment interest, as provided by law;

    m.    Awarding such other and further relief as available under the statues; and

    n.    Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       August 30, 2022

        Respectfully submitted,
        LAW OFFICES OF WILLIAM CAFARO

        _____
        By: Amit Kumar, Esq. (AK 0822)
        *Attorneys for the Named Plaintiff as Well as the Putative Class*
        108 West 39th Street, Suite 602
        New York, New York 10018
        (212) 583-7400
        AKumar@CafaroEsq.com