UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YANIDEL VALDEZ and SANDRA MERCADO,

      Plaintiffs,

   v.

KINGS HWY EQUITIES LLC *et al*,

      Defendants.

**ORDER**
22-CV-05172 (HG)

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiffs Yanidel Valdez and Sandra Mercado ("Plaintiffs") asserted claims against Defendants for unpaid minimum wages in violation of the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid straight time wages in violation of New York Labor Law ("NYLL"). ECF No. 1 ¶¶ 68–89. Plaintiffs also alleged that Defendants violated the NYLL by failing to provide them with wage notices at the time they were hired and by failing to provide them wage statements. *Id.* ¶¶ 90–97. Plaintiffs and Defendants have submitted a proposed settlement of Plaintiffs' claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

  In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[1]

---

[1]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020).  In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600.  With respect to attorneys' fees, the fees collected by the plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement.  *Id.* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement).  This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

The Court finds that the parties' proposed settlement between Plaintiffs and Defendants is fair and reasonable according to *Cheeks* and its progeny.  The parties reached this settlement through an arm's-length negotiation after fully assessing the risks and anticipated burdens of any

2

further litigation and evaluating the strengths and weaknesses of their claims and defenses. The release that Plaintiffs are giving to Defendants is not overly broad because it is limited to the FLSA and NYLL claims that Plaintiffs asserted or could have asserted in this case. ECF No. 14-1 at 3. The full settlement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiffs' ability to work in the future. *See* ECF No. 14-1. The fees collected by Plaintiffs' attorneys are limited to one-third of the settlement and leave Plaintiffs with a meaningful recovery. *Id.* at 4.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve Defendants' proposed settlement of Plaintiffs' claims, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 14. The Court will enter the parties' proposed stipulation of dismissal in a separate docket entry. *See* ECF No. 14-1 at 9–10.

SO ORDERED.

                                                       */s/ Hector Gonzalez*
                                                       HECTOR GONZALEZ
                                                       United States District Judge

Dated: Brooklyn, New York
        January 31, 2023